UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID SALEWSKE, et al.,

                Plaintiffs,                Case No. 16-cv-13326

v.                                            Honorable Thomas L. Ludington

TROTT & TROTT P.C.,

                Defendant.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING IN PART
AND MODIFYING IN PART REPORT AND RECOMMENDATION,
AND DENYING DEFENDANT'S MOTION TO DISMISS**

On August 10, 2016, Plaintiffs David and Shari Salewske initiated the above-captioned action against Defendant Trott & Trott, P.C. (also known as Trott Law, P.C.) by filing their complaint in the Western District of Michigan. Plaintiffs allege generally that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692c(b), 1692d(4), and 1692e in the process of conducting a foreclosure by advertisement sale under Michigan law. Factually, Plaintiffs allege that Defendant violated the listed provisions of the FDCPA by placing Notices of Foreclosure Sales (the "Notices") in newspapers and other public places, which included the following information: (1) that Defendant was a debt collector attempting to collect a mortgage secured debt; (2) the mortgager's name; (3) the amount of the mortgage; (4) the fact that Plaintiffs were in default, authorizing the exercise of the power of sale in the mortgage; and (5) a provision notifying Plaintiffs that if they were in active military service they should contact Defendant. *See* Compl. ECF No. 1. To the extent Defendant's Notices complied with Michigan law, Plaintiffs allege that Michigan Compiled Law § 600.3212 is preempted by the FDCPA's preemption clause, 15 U.S.C. § 1692n, and the Supremacy clause of the United States

Constitution. The case was subsequently transferred to the Eastern District of Michigan on September 14, 2016, pursuant to the parties' stipulation. *See* ECF No. 2. Plaintiffs then filed a 17-page amended complaint on September 19, 2016, adding additional legal support for their claims. *See* Am. Compl. ECF No. 8.

The matter was referred to Magistrate Judge Patricia T. Morris for pretrial management. *See* ECF No. 9. On October 5, 2016, Defendant moved to dismiss Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs had failed to state a claim under the FDCPA. *See* Mot. Dismiss, ECF No. 11. Rule 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Through its motion, Defendant argued that the Notices could not constitute communication in connection with the collection of a debt because they were required by Michigan law. *Id.* On March 16, 2017 the magistrate judge issued her report, recommending that Defendant's motion to dismiss be denied. *See* Rep. & Rec., ECF No. 16. The magistrate judge reasoned that, interpreting the facts in a light most favorable to Plaintiffs, a reasonable jury could find that the Notices were published in connection with Defendant's effort to collect a debt. Thus, the Notices could be governed by the FDCPA if, as addressed hereafter, Defendant's conduct in collecting the debt, the means they employed to collect the debt, or its communications violated the FDCPA. Defendant timely objected to that report. *See* ECF No. 17.

**I.**

Plaintiffs David and Shari Salewske are residents of Cheboygan, Michigan. *See* Am. Compl. ¶ 30. After Plaintiffs defaulted on certain mortgage payments, collection efforts were

referred to Defendant Trott & Trott, which is a foreclosure law firm located in Farmington Hills, Michigan. *Id*. at ¶ 31. Plaintiffs allege that Defendant is in the business of "using the newspapers, internet, county buildings and mail to communicate the collection of consumer debts originally owed to others to sell the underlying mortgage debt." *Id*.

Defendant's practice of foreclosing mortgages by advertisement is permitted under Michigan law.[1] Specifically, § 600.3201 provides that "[e]very mortgage of real estate, which contains a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement, in the cases and in the manner specified in this chapter." *Id*. The statute requires that "[n]otice that the mortgage will be foreclosed by a sale of the mortgaged premises … shall be given by publishing the same for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold … are situated." Mich. Comp. Laws § 600.3208. The statute also requires that, "within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice." *Id*. Such notice must include the following:

(a) The names of the mortgagor, the original mortgagee, and the foreclosing assignee, if any.

(b) The date of the mortgage and the date the mortgage was recorded.

(c) The amount claimed to be due on the mortgage on the date of the notice.

(d) A description of the mortgaged premises that substantially conforms with the description contained in the mortgage.

(e) For a mortgage executed on or after January 1, 1965, the length of the redemption period as determined under section 3240.1

---

[1] The process of foreclosure by advertisement is not unique to Michigan. The practice is also authorized by statute in Tennessee, which is within the Sixth Circuit, *See* Tenn. Code Ann. § 35-5-101, as well as in Minnesota, *See* Minn. Stat. Ann. § 580.01.

> (f) A statement that if the property is sold at a foreclosure sale under this chapter, under section 32782 the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period.

Mich. Comp. Laws § 600.3212.

While Plaintiffs' complaint is thin on facts, it appears that on July 22, 2016, Defendant sent Plaintiffs a notice foreclosure sale. *See* Am. Compl. Ex. 1. The notice first disclaimed that "THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE." *Id*. The letter then informed Plaintiffs that they had defaulted on a mortgage to Mortgage Electronic Registration Systems, Inc., later assigned to Wilmington Trust National Association as successor trustee to Bear Stearns Alt-A Trust. *Id*. The mortgage was dated May 25, 2006 and recorded on June 9, 2006. *Id*. The letter then expressed that "notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public venue, at the place of holding circuit court within Cheboygan County, at 11:00 AM, on August 19, 2016." *Id*. The notice contained a legal description of the mortgaged premise, the amount of default, and informed Plaintiffs that "[t]he redemption period shall be 6 months from the date of such sale, unless determined abandoned …." *Id*. Plaintiffs do not allege that they responded to the initial notice letter.

In compliance with §§ 600.3208 and 600.3212, Defendants then published Notice of the foreclosure sale in the local Cheboygan paper and Detroit Legal News, and at Cheboygan county buildings from July 22 through August 5, 2016. *See* Am. Compl. ¶ 39. Defendant also published the Notice at Plaintiff's residence on July 22, 2016. *Id*. The published Notice is substantially similar to the notice letter sent to Plaintiffs. *See* Am. Compl. Ex. 2. It contains the same initial disclaimer that "THE FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A

DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE." The published Notice named the Salewskes as the mortgagors, stated the identity of the mortgagee, the amount of the debt, a legal description of the property, and the redemption period. In response to Defendant's publications, Plaintiff initiated the present lawsuit on August 10, 2016, alleging that Defendant's Notices violated the FDCPA. *See* ECF No. 1.

**II.**

By its express terms, the FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692(e). The FDCPA applies to means, conduct, and communications that are "in connection with the collection of any debt." *See* 15 U.S.C. §§ 1692c(b), 1692d(4), & 1692e.

The FDCPA is "an extraordinarily broad statute and must be construed accordingly." *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 448 (6th Cir. 2014) (quotation and citation omitted). To determine whether the FDCPA is implicated, the conduct at issue is viewed through the eyes of the "least sophisticated consumer." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014). "This standard recognizes that the FDCPA protects the gullible and the shrewd alike while simultaneously presuming a basic level of reasonableness and understanding on the part of the debtor, thus preventing liability for bizarre or idiosyncratic interpretations of debt collection Notices." *Id*. The FCDPA is also a strict liability statute, and therefore "[a] plaintiff does not need to prove knowledge or intent … and does not have to have suffered actual damages." *Stratton*, 770 F.3d. at 449.

Plaintiffs' allegations center around three provision of the FDCPA. *See* Am. Compl. ¶ 62. First, Plaintiffs allege that Defendant violated 15 U.S.C. § 1692e, which prohibit a debt collector from using any "false, deceptive, or misleading representations or means *in connection with the collection of any debt*." *Id*. (Emphasis added). Specifically, Plaintiffs allege the publications violated §1692e(1), prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer," and § 1692e(6), prohibiting a debt collector from making any "false representation or implication that a sale … shall cause the consumer to … lose any claim or defense to payment of the debt; or … become subject to any practice prohibited by [the Act]." Second, Plaintiffs allege that Defendant violated § 1692d(4), which prohibits a debt collector from engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person *in connection with the collection of a debt*, " including "[t]he advertisement for sale of any debt to coerce payment of the debt." *Id*. (Emphasis added). Third and finally, Plaintiffs allege that Defendant violated § 1692c(b), which provides as follows:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, *in connection with the collection of any debt*, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

*Id*. (Emphasis added). The first provision, § 1692e, prohibits certain means, the second, § 1692d(4), prohibits certain conduct, and the third, § 1692c(b), prohibits certain communications. All three provisions require some "connection with the collection of any debt" to be actionable under the FDCPA.

### III.

On October 5, 2016, Defendant moved to dismiss Plaintiffs' FDCPA claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 443, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 (quotations and citation omitted).

Importantly, Defendant does not challenge any of the specific FDCPA claims raised by Plaintiffs in its motion to dismiss, or draw any distinction between the prohibitions against conduct, means, or communications. Instead, Defendant only broadly argues that its Notices were not communications in connection with the collection of any debt because the published Notices were related to a non-judicial foreclosure sale and in compliance with state law. Defendant contends that the Notices were not animated by the purpose of collecting a debt from Plaintiffs, but motivated by the necessity of complying with state law in order to enforce payment of the mortgage debt. *See* Mot. Dismiss 7, ECF No. 11. Defendant further argues that the mere fact that its Notices contained the standard FDCPA disclaimer language – noting that

Defendant was "a debt collector attempting to collect a debt" – did not transform the notice into debt collection activity because the inclusion of FDCPA notice language is legally irrelevant. *See Goodson v. Bank of Am., N.A.,* 600 F. App'x 422, 432 (6th Cir. 2015).

In support of these arguments, Defendant cites the Sixth Circuit's opinion in *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). There, the Sixth Circuit held that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Id.* (citing *Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010)). In determining the "animating purpose" of a communication, courts generally apply the following seven factors:

> (1) the nature of the relationship of the parties; (2) whether the communication expressly demanded payment or stated a balance due; (3) whether it was sent in response to an inquiry or request by the debtor; (4) whether the statements were part of a strategy to make payment more likely; (5) whether the communication was from a debt collector; (6) whether it stated that it was an attempt to collect a debt; and (7) whether it threatened consequences should the debtor fail to pay.

*Goodson v. Bank of Am., N.A.*, 600 F. App'x 422, 431 (6th Cir. 2015) (holding that the FDCPA was not implicated where a law firm sent a plaintiff letters informing her of a change in her loan servicer). "The animating purpose of the communication is a question of fact that generally is committed to the discretion of the jurors, not the court." *Estep v. Manley Deas Kochalski, LLC,* 552 F. App'x. 502, 505 (6th Cir. 2014). However, where "a reasonable jury could not find that an animating purpose of the statements was to induce payment," summary judgment is appropriate. *Grden*, 643 F.3d at 173.

Recently, however, the Sixth Circuit has held that "mortgage foreclosure is debt collection under the FDCPA." *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013). Therefore, according to the circuit, "[l]awyers who meet the general definition of a 'debt collector' must comply with the FDCPA when engaged in mortgage foreclosure." *Id.* at 464.

The court reasoned that "every mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (*i.e.,* forcing a settlement) or compulsion (*i.e.*, obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)." *Id*. at 461. The court expressly overruled "a majority of district courts" that had found that mortgage foreclosure, as the enforcement of a security interest, did not constitute debt collection unless a money judgment was sought against the debtor in connection with that foreclosure, and specifically held that "foreclosure's legal nature … does not prevent it from being debt collection." *Id*. at 461.[2] As a district court within the Sixth Circuit, this Court is bound to apply this law.

The question therefore becomes how the Sixth Circuit's opinion in *Glazer* interacts with prior law governing whether the animating purpose of a statement is to induce payment. A district court in the western district of Michigan has addressed this question in a case involving the same Defendant and almost identical facts, and determined that the FDCPA applied to Defendant's actions. *See Gray v. Trott & Trott, P.C.,* 16-cv-00237 (W. D. Mi., Nov. 10, 2016) (Bell, J.). That court reasoned that the Notices were not purely informational, but were instead issued as part of an effort to obtain payment on the underlying debt, bringing the Notices within the ambit of the FDCPA under *Glazer*. The district court distinguished the Sixth Circuit's

---

[2] The Sixth Circuit's rationale in *Glazer* has been rejected by numerous other Circuits, including the Ninth Circuit in *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568 (9th Cir. 2016). Noting that "[f]oreclosure is a traditional area of state concern," the Ninth Circuit explained that when Congress legislates in a field that states have traditionally occupied, federal courts must "start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Id.* (quoting *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230 (1947)). The Ninth Circuit found no such clear and manifest purpose to supersede state law in the FDCPA. *See also Burnett* v. Mortgage Electronic Registration Systems, *Inc.,* 706 F.3d 1231 1239 (10th Cir. 2013) (suggesting that non-judicial foreclosure is not debt collection for purposes of the FDCPA, but refusing to so hold); *Warren v. Countrywide Home Loans, Inc.,* 342 F. App'x. 458, 461 (11th Cir. 2009) (holding that "foreclosing on a home is not debt collection for purposes" of the FDCPA); and *Brown v. Morris*, 243 F. App'x. 31, 35 (5th Cir. 2007) (holding that "foreclosure is not per se FDCPA debt collection"). *But see Wilson v. Draper & Goldberg, P.L.L.C.,* 443 F.3d 373, 378–79 (4th Cir. 2006) (holding that trustees, including attorneys, acting in connection with foreclosure proceedings could be considered debt collectors acting in connection with the collection of a debt).

decision in *Goodson,* in which a law firm sent a plaintiff letters informing her of a change in her loan servicer. *Goodson v. Bank of Am., N.A.*, 600 F. App'x 422, 431 (6th Cir. 2015). Because the very purpose of publishing the notices of sale was to obtain payment on the underlying debt through Michigan's foreclosure by advertisement sale, the district court found that the plaintiff had adequately stated a claim for relief. The court also denied defendant's subsequent motion for reconsideration. *See Gray v. Trott & Trott, P.C.,* 16-cv-00237 (W. D. Mi., Jan. 19, 2017).

In the report and recommendation issued on March 16, 2017, the magistrate judge largely agreed with this reasoning. Given the Sixth Circuit's decision in *Glazer, the* magistrate judge found that compliance with Michigan state law alone was not a complete defense to liability under the FDCPA. In so finding, the magistrate judge rejected Defendant's reliance on a non-binding FTC Staff Commentary from 1988, which instructs that the term "communication" does not include "a notice that is required by law as a prerequisite to enforcing a contractual obligation between creditor and debtor, by judicial or nonjudicial legal process." *See* FCT Staff Commentary, 53 Fed. Reg. 50097-02, 50106 (Dec. 13, 1988). Finally, the magistrate judge determined that, for the purpose of the motion to dismiss stage, a reasonable jury could find that the animating purpose of the Notices was to induce payment of the debt. Defendant responded by filing three objections.

**IV.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review

requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

**A.**

In its first objection, Defendant argues that the magistrate judge erred in concluding that the FDCPA, if implicated, would preempt Michigan law. Defendant argues that the magistrate judge's conclusion in this regard would disturb 200 years of Michigan law. Problematically, Defendant's objection raises numerous arguments and cites various cases that were not raised in their original motion to dismiss. Moreover, Defendant had the opportunity to file a reply to Plaintiff's response and chose not to do so. "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *Marshall v. Chater*, 75 F.3d 1421 (10th Cir. 1996) (stating that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived").

Defendant's motion to dismiss was limited to an argument that its Notices were not published in connection with the collection of any debt. It did not explicitly raise preemption, but merely asserted that the Notices could not be considered communication "in connection with the collection of any debt" because they tracked with the provisions of M.C.L. § 600.3212. The magistrate judge rejected that argument, finding that compliance with state law was not sufficient

in itself to shield Defendant from the potential for liability at the 12(b)(6) stage under *Glazer*. This determination was not in error.

Contrary to Defendant's suggestion, the magistrate judge's report therefore did not definitively resolve the scope of federal preemption over state law. Instead, the magistrate judge simply found that the Plaintiff's claims were sufficient to survive the arguments raised in Defendant's motion to dismiss. However, in order to promote docket clarity, the report will be modified to the extent it appears to resolve the scope of preemption as a matter of law. Through proper filings before the magistrate judge, the parties are free to litigate the extent Congress intended specific provisions of the FDCPA (i.e. §§ 1692c(b), 1692d(4), and/or 1692e) to preempt specific provisions of Michigan state law. Any such filings must account for the Sixth Circuit's opinion in *Glazer*. Defendant's first objection will be overruled.

**B.**

Defendant next objects that the magistrate judge failed to meaningfully analyze the animating purpose of the Notices. Defendant restates its argument that the Notices were not intended to induce payment by the debtors, but were only intended to comply with Michigan law. These allegations contradict the allegations in Plaintiffs' complaint, as Plaintiffs alleged that Defendant published the notice in an attempt to collect a debt from Plaintiffs. For the purpose of the motion to dismiss stage, the magistrate judge agreed with Plaintiffs.

At the motion to dismiss stage the question before this Court is only whether, taking all of Plaintiffs' factual allegations as true, Plaintiffs have stated plausible claims demonstrating an entitlement to relief. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 570. Through its motion to dismiss, Defendant does not argue that the Notices in compliance with state law could not, as a matter of law, be false, deceptive, or misleading under § 1692e. Defendant also does

not argue that the Notices could not, as a matter of law, be "conduct the natural consequence of which is to harass, oppress, or abuse" under § 1692d(4). The Court therefore will not reach those issues on its own initiative. Instead, the only issue raised by Defendant is whether Notices related to foreclosure proceedings can be considered communications "in connection with the collection of any debt" under the FDCPA. The Sixth Circuit has held that they can, and that "foreclosure's legal nature … does not prevent it from being debt collection." *See Glazer,* 704 F.3d at 461. Therefore, compliance with state law is not a complete defense to FDCPA liability in the context of foreclosure sales. Even if the Notices were intended to comply with Michigan's law regarding foreclosure by advertisement, the ultimate utility of the Notices was as a means to obtain payment on the underlying mortgage debt. As explained by the *Glazer* Court, "*every* mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (*i.e.,* forcing a settlement) or compulsion (*i.e.*, obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)." *See Glazer*, 704 F.3d at 461 (emphasis in original). Defendant's second objection will be overruled.

## C.

Third and finally, Defendant objects that the magistrate judge erred in finding a 1988 FTC Commentary unpersuasive. *See* FTC Staff Commentary, 53 Fed.Reg 50097-02 (Dec. 13, 1988). That commentary holds that "communication" under the FTC does not include "a notice that is required by law as a prerequisite to enforcing a contractual obligation between creditor and debtor, by judicial or nonjudicial legal process." *Id*. However, as explained in the introduction, the Staff Commentary "is not a formal trade regulation rule or advisory opinion of the Commission, and thus is not binding on the Commission or the public." *Id*.

On the other hand, a published Sixth Circuit decision "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision." *Sykes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010). In holding that foreclosure actions are debt collections under the FTCPA, the Sixth Circuit in part relied upon the Act's use of broad words such as "communication." *See Glazer*, 704 F.3d 453 at 461. The Sixth Circuit then observed that nothing in the Act cabined the terms' "applicability to collection efforts not legal in nature." *Id*. As a court within the Sixth Circuit, this Court is bound to apply this precedent, and thus must reject any non-binding FTC guidance to the contrary. This is particularly true where the commentary pre-dates the Sixth Circuit's relevant opinion, and predates later amendments to the FDCPA. Defendant's third objection will be overruled.

## V.

In conclusion, it is noted that this opinion is relatively narrow in its import. It holds only that communications may be considered in connection with the collection of a debt even where a party attempting to collect a debt has complied with Michigan's foreclosure by advertisement statute. It does not invalidate Michigan's foreclosure by advertisement statute, nor does it hold that any provision of the FTCPA preempts the Michigan foreclosure by advertisement statute. This opinion does not even hold that Plaintiffs have stated claims upon which relief can be granted as a matter of law; only that Defendant's current challenge to Plaintiff's complaint is without merit under binding Sixth Circuit precedent.

Accordingly, it is **ORDERED** that Defendant's objections, ECF No. 17, are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation, ECF No. 16, is **ADOPTED IN PART AND MODIFIED IN PART**. The report is **MODIFIED** only to the extent that it suggests that the issue of preemption has been resolved.

It is further **ORDERED** that Defendant's Motion to Dismiss, ECF No. 11, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 7, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 7, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager